UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES,

          Plaintiff,

    v.

VISHAL CORPORATION,

          Defendant.

Case No.  11-cv-00643-JCS

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: STATUTORY DAMAGES**

Re: Dkt. No. 30

## I.    INTRODUCTION

On February 11, 2011, Plaintiff Craig Yates ("Yates") filed this action against Defendants Vishal Corporation dba Best Western El Grande Inn ("Best Western"), alleging violations of (1) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); (2) sections 54, 54.1 and 54.3 of the California Civil Code; (3) section 19955 *et seq.* of the California Health and Safety Code; and (4) section 51 *et seq.* of the California Civil Code ("Unruh Civil Rights Act").

On July 11, 2012, the parties entered into a settlement agreement that resolved various issues raised in the Complaint, including claims for injunctive relief. *See* Decl. of George Khoury in Supp. of Pl.'s Mot. for Statutory Damages Ex. A ("Settlement Agreement"). However, the Settlement Agreement did not resolve damages or attorney's fees and costs. *Id.* at 3.

On July 26, 2013, the parties participated in a case management conference before the Court. There, they stipulated that Best Western is liable for each of the violations alleged in the Complaint, but two issues remained in dispute: (1) the amount of statutory damages and (2) the amount of attorney's fees and costs. Dkt. No. 26 ("Civ. Min. Order"). Further, the parties stipulated that the maximum statutory damages available are based in three occasions of denial of full and equal access (two visits and one instance of deterrence) at $4,000 per occasion. *Id.*

Presently before the Court is Yates' Motion for Statutory Damages ("Motion"). The parties have stipulated that the Court, in lieu of a jury, will act as the finder of fact on the question of damages, and that the damages issue will be resolved on the papers filed in connection with the Motion without the need for live testimony. *Id.* The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing on the Motion was held on November 15, 2013 at 9:30 a.m. Based on the findings of fact and conclusions of law stated below, the Motion is GRANTED IN PART AND DENIED IN PART. This Order also constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

## II.    FINDINGS OF FACT

The following findings of fact are taken from Yates' declaration submitted in support of the Motion. *See* Decl. of Craig Yates in Supp. of Pl.'s Mot. for Statutory Damages ("Yates Decl."). Best Western presents no contrary factual evidence in its opposition. *See generally* Defs.' Opp'n to Mot. for Statutory Damages ("Opp'n"). The parties have stipulated that Best Western's facilities were not in compliance at the time Yates made his visits described below. *See* Civ. Min. Order.

Yates is a person with disabilities. *Id.* ¶¶ 7, 8, 9. He is a triplegic and relies on a wheelchair as his primary method for mobility. *Id.* ¶ 8. He has no use of his legs or his left arm. *Id.* He has limited use of his right arm. *Id.* The rotation in his right shoulder is limited. *Id.*

Early in 2010, Yates' aunt had a stroke, which severely impacted her ability to care for herself. *Id.* ¶¶ 12, 13. She was placed into a medical rehabilitation home where she remained until she passed away in March 2011. *Id.* ¶ 13. After her stroke and before her death, Yates would visit her and take care of her house about once per week. *Id.* ¶ 14. To make these visits, he would drive about four hours, one-way, from his home in San Rafael, California to her home in Clearlake, California. *Id.* ¶15. The length of the drive and the narrow, curvy roads along the way made driving conditions difficult at night. *Id.* Instead of driving home at night, Yates would sometimes stay in hotels in Clearlake. *See id.* He is aware of two "reasonably priced" hotels in Clearlake, one of which he was never able to reserve because it was always booked. *Id.* ¶ 16. The other hotel is

United States District Court
Northern District of California

1   Best Western's facility, the Best Western El Grande Inn ("Hotel"). *See id.*

2          On October 27, 2010, Yates drove to the Hotel, a place of public accommodation. *Id.* ¶ 17.

3   *See* Compl. ¶¶ 6, 7. When Yates entered the lobby, he encountered a registration counter that was

4   forty-eight inches above the floor, which made it difficult for him to conduct transactions because

5   he could not see the surface of the counter from his wheelchair. Yates Decl. ¶ 17. He asked for a

6   wheelchair accessible room and was told that the hotel had only one, and that it was not available.

7   *Id.* Based on the Hotel's total number of rooms, it would have needed to have more than one

8   accessible room to be compliant. *See id.* Yates became "upset and disappointed" that he could not

9   obtain a room because there were no accessible rooms available. *Id.*

10         On December 11, 2010, Yates returned to the Hotel. *Id.* ¶ 18. The registration counter was

11  unchanged. *Id.* He again asked for a wheelchair accessible room, and this time it was available. *Id.*

12  When presented with the room invoice, he stressed his right shoulder reaching for the invoice over

13  the desk, and he signed the invoice in his lap. *Id.* When he entered the room, he found that there

14  was not enough room between the bed and the walls for him to transfer to the bed independently.

15  *Id.* When he entered the restroom, he found that it contained a rear grab bar that was too high and

16  a side grab bar that was too far away, making it difficult for him to position himself in front of the

17  water closet. *Id.* Proper positioning is important to avoid spilling from his colostomy bag and

18  while self-cathing to maintain good hygiene. *Id.* Upon evaluating these conditions, he decided that

19  he could not stay the night. *Id.* He reclined in his wheelchair for a short while, then left the room.

20  *Id.* Although the Best Western employees did not allow him to check out that evening, he returned

21  his key. *Id.*

22         On December 11, 2010, before he left the Hotel on his second visit, Yates dined at Anjali's

23  Restaurant, a restaurant located within the Hotel. *Id.* ¶ 19. While dining, he needed to use the

24  restroom. *Id.* He was able to enter the restroom, but when he tried to exit, he was unable to open

25  the door because there was insufficient strike side clearance. *Id.* He realized that his attempts were

26  futile so he used his cell phone to call the front desk and ask for someone to rescue him. *Id.* This

27  experience was "very embarrassing" to him. *Id.*

28         Yates declared that if the Hotel had offered compliant accessible rooms, he would have

United States District Court
Northern District of California

3

1   stayed there on several occasions after visiting his aunt in Clearlake. *Id.* ¶ 20. He declares that he

2   was aware of the barriers at the Hotel and, as a result, he did not attempt to stay again on his

3   subsequent visits to Clearlake. *Id.*

### III.   EVIDENTIARY RULINGS

5   Best Western objects to the declaration of Rick Sarantschim on the grounds that "in light

6   of the Settlement [Agreement] agreeing to liability, it is irrelevant, cumulative, and unnecessary."

7   Opp'n at 2 (citing Decl. of Rick Sarantschim in Supp. of Pl.'s Mot. for Statutory Damages). The

8   Court declines to rule on this objection because it resolves the Motion without considering

9   Sarantschim's declaration.[1]

### IV.   CONCLUSIONS OF LAW

#### A.   Legal Standards Under the Unruh Civil Rights Act

12   The Unruh Civil Rights Act ("Act") provides that "[a]ll persons within the jurisdiction of

13   this state are free and equal, and no matter what their . . . disability, [or] medical condition . . . are

14   entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all

15   business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). In 1992, the Act was

16   amended to provide that a violation of the right of any individual under the ADA also constituted a

17   violation of the Act. *Id.* § 51(f).

18   Section 52(a) of the California Civil Code provides that a violation of the Act can give rise

19   to damages:

20   Whoever denies, aids or incites a denial, or makes any discrimination or distinction
contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual
damages, and any amount that may be determined by a jury, or a court sitting without a
jury, up to a maximum of three times the amount of actual damage but in no case less than
four thousand dollars ($4,000), and any attorney's fees that may be determined by the
court in addition thereto, suffered by any person denied the rights provided in Section 51,
51.5, or 51.6.

24   Specifically as to construction-related accessibility violations, the California Legislature enacted

25   section 55.56 of the California Civil Code in 2008. *See Grutman v. Regents of Univ. of Cal.*, 807

---

[1] The declaration provides evidence that the facilities were non-compliant. However, the Court does not need to address those facts because the parties stipulated to liability at the July 26, 2013 case management conference. *See* Dkt. No. 26.

United States District Court
Northern District of California

F. Supp. 2d 861, 865 (N.D. Cal. 2011). Section 55.56 provides that statutory damages for construction-related violations are available under two circumstances: (1) if a plaintiff "encountered the violation on a particular occasion" or (2) if a plaintiff "was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b). As to the first circumstance, a violation may be sufficient to give rise to damages if the plaintiff "experienced difficulty, discomfort, or embarrassment" as a result of the violation. *Id.* § 55.56(c). As to the second circumstance, a deterrence will only give rise to damages if (a) the plaintiff had actual knowledge of a violation and (b) the violation would have actually denied the plaintiff full and equal access if he attempted to access the place on a particular occasion. *Id.* § 55.56(d).

Under section 55.56, multiple awards may accrue to plaintiffs as a result of multiple visits to a facility. In the hotel and restaurant context, a plaintiff can recover separate statutory damages for "each time a plaintiff visits (or is deterred from visiting) a non-complaint establishment, even if the establishment contains numerous architectural barriers." *Grutman*, 807 F. Supp. 2d at 869 (quoting *Org. for the Advancement of Minorities with Disabilities v. Pacific Heights Inn*, 2006 WL 2560754 (N.D. Cal. Sept. 5, 2006)) (citing *Feezor v. Del Taco, Inc.*, 431 F. Supp. 2d 1088, 1090 (S.D. Cal. 2005) (three awards of statutory damages based on three visits to restaurant where plaintiff encountered architectural barriers); *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006) (three awards of statutory damages based on three visits to store where plaintiffs encountered architectural barriers)).[2]

Additionally, although *multiple violations within one facility* do not necessarily give rise to multiple awards of statutory damages, *violations at multiple facilities*—even where one facility is located within another—can give rise to multiple awards. *See id.* § 55.56(e). The Historical and Legislative Notes to section 55.56 explain this rule:

> A restaurant, convenience store, or theater normally serves only one function—a place to eat, shop, or watch a movie—and multiple violations of one or more construction-related

---

[2] Although the cases cited in *Grutman* were decided before the enactment of section 55.56, they are relevant and persuasive. Prior to the enactment of section 55.56, it was already established that plaintiffs could recover for each visit or deterrence under section 52. *See, e.g.*, *Grutman*, 807 F. Supp. 2d at 869 (citing cases); *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 840 (9th Cir. 2004) (holding that seven occasions of deterrence based on violation of ADA gave rise to seven awards for statutory damages); *Arnold v. United Artists Theatre Circuit*, 866 F. Supp. 433 (N.D. Cal. 1994) (holding that instances of deterrence could give rise to claims for statutory damages).

United States District Court
Northern District of California

accessibility standards at such a place do not constitute separate denials of full and equal access. By contrast, other places of public accommodation offer more than one type of service, facility, or other function. For example, a hotel or resort may offer sleeping rooms, a restaurant, a golf course, and a spa. Likewise, a shopping center may consist of one large common area and many separate stores and restaurants. If the place of public accommodation consists of such distinct facilities offering distinct services, statutory damages may be assessed based on each denial of full and equal access to the distinct facility, but not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred.

*See Grutman*, 807 F. Supp. 2d at 866 (quoting Historic and Legislative Notes).

Section 55.56 does not excuse plaintiffs from their duty to mitigate damages. Cal. Civ. Code § 55.56(g). One way that plaintiffs may fail to meet their duty is to make multiple visits to the same facility before they could reasonably expect that the barrier was corrected; this is sometimes referred to as "stacking." *See Ramirez v. Sam's for Play Cafe*, C 11-1370 MEJ, 2013 WL 4428858, at *5 (N.D. Cal. Aug. 15, 2013).[3] For example, a court in this district recently refused to grant summary judgment for plaintiffs on the issue of statutory damages because a factual question remained as to whether plaintiffs had met their duty to mitigate their damages. *Id.* at *8. In that case, it was clear that plaintiffs were entitled to one award for their first visit to the non-compliant facility, but the court found that the fact that they increased the frequency of their visits just prior to filing suit—up from eight times per year to three times in one month—gave rise to a question of fact regarding mitigation. *Id.* at *9.

The court in *Ramirez* also admitted plaintiffs' history as frequent litigants as a fact that was relevant to their credibility. *Id.* at *6 (citing *Otto v. Commerce St. Capital*, 2013 WL 2357623, at *2 (E.D. Pa. May 29, 2013)). However, as the court noted, "[c]ourts must tread carefully before construing an [ADA] plaintiff's history of litigation against him . . . . For the [ADA] to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed

---

[3] The California Legislature appears to have expressed concern for "stacking" by enacting subdivision (h) of section 55.56 in 2012. Subdivision (h) provides that "[i]n assessing liability under subdivision (d), in any action alleging multiple claims for the same construction-related accessibility violation on different particular occasions, the court shall consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages." Because this provision is not retroactive, it does not affect the instant case. *See Ramirez*, 2013 WL 4428858, at *8 n.5 (citing Section 25 of Stats. 2012, c. 383 (S.B.1186)). However, it does provide general support for the assertion that plaintiffs have a duty to mitigate by not "stacking" multiple visits where there is no reason to believe that modifications would have been made. *See id.*

individuals to bring serial litigation advancing the time when public accommodations will be compliant with the [ADA]." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010) (quoting *D'Lil v. Best W. Encina Lodge & Suites,* 538 F.3d 1031, 1040 (9th Cir. 2008); *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007)) (citing Samuel R. Bagnestos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 UCLA L. Rev. 1, 5 (2006)). *See Ramirez*, 2013 WL 4428858, at *8. Courts "must therefore be 'particularly cautious' regarding 'credibility determinations that rely on a plaintiff's past [ADA] litigation.'" *Antoninetti*, 643 F.3d at 1175.

### B.      Statutory Damages to Which Yates is Entitled

Yates argues that he is entitled to $16,000 in statutory damages for four occurrences of denial of full and equal access pursuant to section 52: (1) encountering violations when he visited the Hotel and attempted to stay in the accessible room on October 27, 2010; (2) encountering violations when he visited the Hotel and stayed in the accessible room on December 11, 2010; (3) encountering a violation when he entered the bathroom at Anjali's Restaurant on December 11, 2010; and (4) being deterred from staying at the Hotel at least once during his subsequent visits to Clearlake. Mot. for Statutory Damages at 9–10.

Best Western argues that Yates is attempting to "stack" his claims. Opp'n at 2. It argues that Yates is entitled to only $4,000 for one instance of encountering a violation or, "[a]t most $8,000 for his [two] visits, if [he] can explain, and he has not, the need for multiple visits ([two] weeks apart) to the same business with known uncorrected barrier access." *Id.* (citing Cal. Civ. Code §§ 55.3, 55.31; Cal. Civ. Code of Civ. Proc. § 425.50). Best Western argues that Yates did not "need" to return to the Hotel but rather did so only to increase his damage claim. Opp'n at 2. However, Best Western does not dispute any of the facts put forward by Yates. *See generally id.*

The Court agrees with Yates. Section 55.56 allows plaintiffs to recover a separate award of statutory damages "each time a plaintiff visits (or is deterred from visiting) a non-complaint establishment . . . ." *Grutman*, 807 F. Supp. 2d at 869 (citations omitted). The Court's findings of facts show that Yates visited the Hotel once, visited again two weeks later with reason to believe that he would be able to stay in the accessible room (and without knowledge of the room's

deficiencies), visited the restaurant within the Hotel once, and was deterred from staying at the Hotel at least once. As explained below, each of these occasions could give rise to separate awards of statutory damages under section 52. *See also* Cal. Civ. Code § 55.56. However, the parties stipulated that only three awards of statutory damages would be sought. *See* Civ. Min. Order. Accordingly, the Court limits Yates' award to three awards of statutory damages of $4,000 each.

### 1.    Occasion 1: First visit to the Hotel

When Yates initially visited the Hotel, he encountered a registration counter that was too high. Yates Decl. ¶ 17. Based on Yates' testimony and the stipulated liability, the Court finds that the registration counter constituted an architectural barrier that prevented Yates from full and equal access to Best Western's facilities. *See* Cal. Civ. Code § 51(b). Best Western has presented no evidence to the contrary. Accordingly, the Court finds that Yates' first visit to the Hotel gives rise to an award of statutory damages. *See id.* § 55.56(b).

### 2.    Occasion 2: Second visit to the Hotel

On Yates' second visit, he learned for the first time that the accessible room was not in fact accessible because of the lack of sufficient clearance between the bed and walls, as well as the positioning of the grab bars in the restroom. *Id.* ¶ 18. Based on Yates' testimony and the stipulated liability, the Court finds that these physical features of the room constituted architectural barriers that prevented Yates from full and equal access to Best Western's facilities. *See* Cal. Civ. Code § 51(b). Best Western has presented no evidence to the contrary.

Best Western argues that Yates did not demonstrate any "need" to visit the hotel the second time and that he "stacked" his claims. *See* Opp'n at 2. However, the Court is not persuaded by Best Western's conclusory assertions, and it finds that Yates reasonably visited the hotel again after two weeks. It is true that Yates had already encountered the high registration counter, which he likely could not reasonably have anticipated would be corrected in two weeks. *See* Yates Decl. ¶ 17; *Ramirez*, 2013 WL 4428858, at *5 (plaintiff declared that she thought three months was a reasonable amount of time in which to expect removal of architectural barriers). However, Yates had been told by a Best Western employee during his first visit that the hotel had one accessible room but that it was not available that evening; thus, Yates had reason to believe that he would be

able to stay in the accessible room if he returned later. *See* Yates Decl. ¶ 17. During his second stay, he encountered new violations that he had not learned about on his first visit. *See* Yates Decl. ¶ 18.

Additionally, Yates has explained that he was looking for a hotel to stay in again because he visited his aunt in Clearwater approximately once per week, and that he did not like to drive the four hours to get home at night. *See* Yates Decl. ¶¶ 14–15. Yates further states that he was not able to stay in the only other "reasonably priced" hotel in Clearwater. *Id.* ¶ 16. Having considered the circumstances, the Court finds that Yates did not fail to mitigate his damages by visiting the Hotel again two weeks after his first visit. Accordingly, the Court finds that Yates' second visit to the Hotel gives rise to an award of statutory damages. *See id.* § 55.56(b).

### 3.     Occasion 3: Visit to Anjali's Restaurant

Yates visited Anjali's Restaurant, which is a restaurant within the Hotel. Yates Decl. ¶ 19. Because the restaurant is a "distinct facility," a violation arising from an architectural barrier there can give rise to a separate award of statutory damages. *See* Cal. Civ. Code § 55.56(e). Based on Yates' testimony and the stipulated liability, the Court finds that the lack of sufficient strike side clearance constituted an architectural barrier that prevented Yates from full and equal access to Best Western's facilities. *See* Cal. Civ. Code § 51(b). Best Western has presented no evidence to the contrary, nor has it made any argument that Yates failed to mitigate damages by visiting the restaurant. Additionally, the incident was "very embarrassing" for Yates, which supports a finding of a violation that can give rise to statutory damages. *See* Cal. Civ. Code § 55.56(c). Accordingly, the Court finds that Yates' visit to Anjali's Restaurant gives rise to an award of statutory damages. *See id.* § 55.56(b).

### 4.     Occasion 4: Deterrence

Yates stated that he has personal knowledge of the architectural barriers he had previously encountered at the Hotel and that he knew these barriers would prevent him from attaining full and equal access to the Hotel. *See* Yates Decl. ¶¶17–20. Further, he stated that he decided not to stay at the Hotel on at least one occasion because of this knowledge. *Id.* ¶ 20. Best Western has presented no evidence to the contrary. Accordingly, the Court finds that Yates was deterred from staying at

United States District Court
Northern District of California

the Hotel on at least one occasion, and this gives rise to an award of statutory damages. *See* Cal. Civ. Code § 55.56(b), (d).

### 5. Best Western's argument regarding multiple violations

Best Western argues that "[e]ncountering more than one barrier per visit does cannot [sic] give rise to multiple damages for the same visit . . . ." Opp'n at 2. Best Western is correct that multiple violations encountered during one visit do not usually give rise to multiple awards of statutory damages. *See* Cal. Civ. Code § 55.56(b) ("particular occasion" rather than particular violation gives rise to statutory damages); *Grutman*, 807 F. Supp. 2d at 866 ("multiple violations of one or more construction-related accessibility standards at [] a place [serving one function, such as a hotel] do not constitute separate denials of full and equal access") (citations omitted). However, the Court's findings of fact reveal that Yates is not seeking multiple awards for multiple violations. Although multiple violations existed during his visits—*e.g.*, the accessible room lacked sufficient clearance between the wall and the bed *and* the grab bars were improperly positioned—he seeks only one award per visit. Accordingly, the Court finds that the awards sought by Yates do not violate the strictures of section 55.56.

### 6. Best Western's argument regarding Yates' litigation history

Best Western also argues that the Court should consider the fact that Yates is a frequent litigant and that he "likely knows the law and the potential loopholes more than most lawyers." Opp'n at 2. In light of the facts found above and the Ninth Circuit's caution that "it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the [ADA]," Yates' litigation history does not change the Court's conclusion. *See Antoninetti*, 643 F.3d at 1175 (citations omitted).

## V. CONCLUSION

Based on its findings of fact and conclusions of law, the Court finds that all four occasions identified by Yates in his Motion could give rise to separate claims for statutory damages. However, the parties have stipulated to a maximum of three occasions giving rise to statutory damages. *See* Civ. Min. Order. Accordingly, Yates' Motion is GRANTED IN PART AND DENIED IN PART. The Court awards Yates statutory damages in the amount of $12,000 based

United States District Court
Northern District of California

10

on three occasions of denial of full and equal access pursuant to section 52 of the California Civil Code. A motion on attorney's fees shall be filed within thirty days of this Order if the parties are unable to agree on the amount.

**IT IS SO ORDERED**.

Dated: November 18, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

11