UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>    Plaintiff,<br><br>    v.<br><br>VISHAL CORPORATION,<br><br>    Defendant. | Case No. 11-cv-00643-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 41 |

## I. INTRODUCTION

On February 11, 2011, Craig Yates ("Yates"), a person with a disability, filed this action against Vishal Corporation dba Best Western El Grande Inn ("Best Western"). The lawsuit arose out of Yates' encounters with architectural barriers during visits to Best Western's hotel and its adjoining restaurant in Clear Lake, California in October and December 2010. *See* Compl. ¶ 33. Yates alleged violations of (1) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); (2) sections 54, 54.1 and 54.3 of the California Civil Code; (3) section 19955 *et seq.* of the California Health and Safety Code; and (4) section 51 *et seq.* of the California Civil Code ("Unruh Act").

On July 11, 2012, the parties entered into a settlement agreement that resolved various issues raised in the complaint, including claims for injunctive relief. *See* Decl. of Thomas Frankovich in Supp. of Pl.'s Mot. for Attorney's Fees ("Frankovich Decl."), Ex. A. Thereafter, the parties stipulated that Best Western was liable for each of the violations alleged in the Complaint, and that the maximum statutory damages available were based in three occasions of denial of full and equal access (two visits and one instance of deterrence) at $4,000 per occasion. *See* Dkt. No. 26. The parties also stipulated that the Court, in lieu of a jury, would act as the finder of fact on the

1  question of damages. *Id.*

2  On November 18, 2013, the Court granted in part and denied in part Yates' motion for
3  statutory damages, and issued Findings of Fact and Conclusions of Law, which found four
4  occurrences of denial (three visits and one instance of deterrence) that violated section 52(a) of the
5  California Civil Code. *See Yates v. Vishal Corp.*, 11-CV-00643-JCS, 2013 WL 6073516, at *7
6  (N.D. Cal. Nov. 18, 2013). However, the Court awarded Yates $12,000 in statutory damages for
7  only three occurrences based on the parties' previous stipulation. *Id.*

8  On December 30, 2013, Yates brought the instant motion for the award of reasonable
9  attorneys' fees, including litigation expenses and costs ("Motion"). The Motion seeks $40,127 in
10 attorney's fees and $5,498 in costs. *See* Mot. for Attorney's Fees, Including Litigation Expenses
11 and Costs at 10 ("Mot."); Frankovich Decl. Ex. C. In a supplemental briefing, Yates also seeks
12 $4,350 for attorney's fees related to this Motion. *See* Suppl. Decl. of Thomas Frankovich in Supp.
13 of Mot. ("Frankovich Suppl. Decl."), Ex. A. Thus, Yates seeks a total of $44,477 in attorney's fees
14 and $5,398 in costs.

15 The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant
16 to 28 U.S.C. § 636(c). The Court finds the matter suitable for decision without oral argument, and
17 the hearing scheduled for February 7, 2014 at 9:30 a.m. is VACATED. *See* Civ. L. R. 7-1(b). For
18 the reasons stated below, the Motion is GRANTED IN PART AND DENIED IN PART. The
19 Court awards Yates $35,711 in attorney's fees and $5,498 in costs.

20 **II.    LEGAL STANDARD**

21 The ADA provides that "[i]n any action or administrative proceeding commenced pursuant
22 to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the
23 United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C.
24 § 12205. In California, the Unruh Act provides that

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and *any*

2

> *attorney's fees that may be determined by the court* in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

Cal. Civ. Code § 52(a) (emphasis added). *See also id.* § 54.3(a).

Because the ADA and California law both authorize fee awards in this case, the Court will analyze Yates' claim under federal law, except where California law provides for recovery unavailable under federal law. *See Fortson v. Marriott Int'l, Inc.*, CV 11-01454 LB, 2013 WL 1832411, at *2 (N.D. Cal. May 1, 2013) (citations omitted). *See also Saldana-Neily v. Taco Bell of Am., Inc.*, C04-04571-MJJ, 2008 WL 793872, at *3 (N.D. Cal. Mar. 24, 2008) ("The Court analyzes [plaintiff's attorney's fee] motion under the ADA standard, especially since the federal statute, unlike the state statutes, explicitly provides for not only attorney's fees but also litigation expenses and costs.").

The calculation of a reasonable fee award involves a two-step process. *Fisher v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the presumptive fee award, also known as the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). As part of this process, the court examines the fee applicant's contemporaneously recorded billing records and excludes from the lodestar hours that are "excessive, redundant, or otherwise unnecessary." *Fortson*, 2013 WL 1832411, at *3 (quoting *Hensley*, 461 U.S. at 434). Second, in "appropriate cases" the court may adjust the lodestar by enhancing or reducing it. *See Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citations omitted).

During either of these steps, the Court may consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975). *Fortson*, 2013 WL 1832411, at *3. Any factors not considered in the first step may be considered in the second. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

1  the "undesirability" of the case; (11) the nature and length of the professional relationship with the
2  client; and (12) awards in similar cases. *See id.* at *2–*3 (citing *Kerr*, 526 F.2d at 69–70).

3  There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v.
4  Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). However, a district court is given broad
5  discretion to reduce the fee applicant's award based on the above criteria, and it "may depart from
6  the lodestar amount if doing so is 'necessary to the determination of a reasonable fee.'" *Jankey v.
7  Beach Hut*, CV05-3856 SVW (JTLX), 2006 WL 4569361, at *3 (C.D. Cal. Dec. 19, 2006) (citing
8  *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001); *City of Burlington v. Dague*, 505 U.S.
9  557, 562 (1992)).

## III. DISCUSSION

Yates seeks $44,477 in attorney's fees and $5,498 in costs for his counsel's work in this action, including the instant Motion. *See* Frankovich Decl. Ex. C; Frankovich Suppl. Decl. Ex. A. Of this amount, $38,750 is associated with 77.5 hours billed by Frankovich at a rate of $500 an hour. *See* Frankovich Decl. Ex. C; Frankovich Suppl. Decl. Ex. A. The fees claimed by Yates are summarized in the following table.

| Attorney/Staff | Hours | Rate per hour | Amount |
|---|---|---|---|
| T. Frankovich | 77.5 | $500 | $38,750 |
| G. Khoury | 26.9 | $190 | $5,111 |
| P. Maupin | 6.0 | $60 | $360 |
| A. Cooper | 6.4 | $40 | $256 |
| | | **TOTAL** | **$44,477** |

Best Western does not dispute that Yates is entitled to attorney's fees as the prevailing party, nor does it dispute the claimed hourly rates. Def.'s Opp'n to Mot. at 2 ("Opp'n"). However, Best Western argues that the fees sought are unreasonable and that they should be reduced by 40 percent across the board. *Id.* at 3. In support of this proposal, Best Western argues that this case was "routine" and "not . . . complex" because it dealt with subject matter that is familiar to Yates' counsel, Thomas Frankovich ("Frankovich"), and that as a result, the work should have been accomplished 40 percent more efficiently. *Id.* at 1, 2. Further, Best Western points out that this

case did not involve any written discovery or depositions. *Id.* at 2. Best Western also challenges the fees sought for non-attorneys Pepper Maupin ("Maupin") and Armetrice Cooper ("Cooper"). *Id.* at 1, 2.

The Court finds that because Yates achieved injunctive relief through a settlement agreement and was awarded statutory damages under the California Civil Code, Yates is the prevailing party and is entitled to reasonable attorney's fees and costs. *See Saldana-Neily*, 2008 WL 793872, at *3; Cal. Civ. Code § 52(a). Further, Frankovich's rate of $500 per hour appears to be reasonable based on his expertise and the fact that he has been practicing law since 1977. *See* Frankovich Decl. ¶¶ 13–22, Ex. F; Mot. at 7–8. *See also, e.g.*, *Cruz v. Starbucks Corp.*, C-10-01868 JCS, 2013 WL 2447862, at *5 (N.D. Cal. June 5, 2013) (finding $645 per hour was reasonable rate for lawyer practicing similar area of law since 1968). As for George Khoury ("Khoury"), no biographical information has been submitted, but the Court finds that his hourly rate of $190 is reasonable for an associate. However, as to the amount of time billed, the Court has carefully reviewed the time entries, and it agrees with Best Western that the fees sought in the Motion are too high.

### A. Determination of Lodestar

#### 1. Overbilling

First, Frankovich claims 1.2 hours on March 8, 2011 for time spent drafting a settlement agreement to be proposed after Best Western's response to the complaint. Frankovich Decl. Ex. D at 2. He also claims 1.5 hours on August 16, 2011 for what appears to be the same task, plus "attach[ing] 26 page expert report." *Id.* at 4. The Court has reviewed the settlement agreement and determined that aside from the party names and the expert report (which was incorporated by reference), the settlement agreement appears to contain almost nothing unique to this case. *See id.* Ex. A. While it does include some handwritten modifications, these appear to be the result of mediation discussions that occurred after the recorded time entries. *See id.* Ex. D at 5 (indicating that first mediation occurred Jan. 30, 2012). Given Frankovich's experience bringing and settling similar cases, the Court finds it unreasonable to spend 2.7 hours on drafting the settlement agreement.

5

The Court also notes that "attach[ing] the . . . expert report" could have easily been accomplished by a non-attorney. As the Ninth Circuit has stated, "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on denial of reh'g on other grounds*, 984 F.2d 345 (9th Cir. 1993) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . .") (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). *See also Doran v. Corte Madera Inn Best Western*, 360 F. Supp. 2d 1057, 1062 (N.D. Cal. 2005) (finding certain tasks billed by Frankovich "could easily be accomplished by paralegals"). Accordingly, the Court finds that only 0.5 hours were reasonably necessary for drafting the settlement agreement. *See Doran*, 360 F. Supp. 2d at 1062 (Frankovich claimed 4.3 hours for drafting complaint but court awarded fees for only 0.5 hours).

Second, Frankovich claims 6.7 hours for drafting Yates' reply in the proceedings on the motion for statutory damages. Frankovich Decl. Ex. D at 7. The original motion and supporting declarations were prepared in 6.3 hours entirely by George Khoury ("Khoury"), an associate whose billing rate is less than half of Frankovich's. *See id.* at 13–14. Although Yates does not provide any biographical information on Khoury, the Court assumes that his relative experience is reflected in his hourly rate of $190 as compared to Frankovich's $500, and that Frankovich is a more efficient drafter. Furthermore, Best Western's opposition—to which the reply was responding—contained less than two pages of argument and did not provide novel theories or even any case citations. *See* Dkt. No. 32. The Court finds it implausible that it took Frankovich more time to draft a nine-page reply to a two-page opposition discussing issues which he has almost certainly encountered before, than it did for his associate to draft a ten-page motion containing case-specific facts and argument. Accordingly, the Court finds that only 2.5 hours was reasonably necessary for drafting the reply. *See Jankey*, 2006 WL 4569361, at *5 (attorney at Frankovich's firm claimed 10 hours for drafting reply but court awarded only 5 because, *inter alia*, only 8.4 hours were spent on opening brief).

Third, Frankovich claims 6.2 hours for preparing the instant Motion and its supporting

6

materials, including time spent reviewing timesheets. *See* Frankovich Decl. Ex. D at 8, 9. The Court has reviewed the Motion and Frankovich's declaration, and it finds that these pleadings are strikingly similar to those filed in at least one other federal case brought by Yates and represented by Frankovich. *See Yates v. Ritchie Bros. Properties, Inc.*, 2:10-CV-00337 JAM (E.D. Cal.), Dkt. Nos. 25, 26, 27 (June 1, 2011). The Motion and Frankovich's declaration appear to have been copied and pasted from the pleadings in *Ritchie*, except for fewer than three pages describing the case, a few instances of string cites tailored to the different judicial districts, and details regarding the fees requested. The attachments are the same except for the settlement agreement, an article about Frankovich that was published in 2012, and the timesheets. *Compare* Mot. *with Ritchie*, 2:10-CV-00337 JAM, Dkt. No. 26. *Compare* Frankovich Decl. *with Ritchie*, 2:10-CV-00337 JAM, Dkt. No. 27.

This practice of recycling pleadings is not, in and of itself, unacceptable. However, it is unreasonable to seek 6.2 hours of the name partner's time to make minor, uncomplicated modifications to such pleadings. *See Cruz*, 2013 WL 2447862, at *9 ("While the Court does not wish to second-guess the decision to give the leading oar in drafting the fee motion to the attorney with the highest billing rate, the time spent by [lead attorney] is unreasonable in light of his extensive experience and the fact that the fee motion does not present any legal or factual issues that are particularly new or complicated."). The Court also notes that Frankovich includes "[c]ompile all exhibits" as one of the tasks. This easily could have been accomplished by an associate or administrative staff. *See Davis*, 976 F.2d at 1543. Accordingly, the Court finds that only 3 hours were reasonably necessary for preparing the Motion.

Fourth, Frankovich claims 6.5 hours for preparing the reply to the Motion. Frankovich Suppl. Decl. Ex. A. The reply consisted of barely three pages of argument, and it responded to an opposition that was roughly the same length containing no novel theories and only one case citation, which Yates had already cited in the Motion. One page of the reply appears to be identical to arguments presented in a reply in another case brought by Yates. *Compare* Pl.'s Reply to Opp'n at 4 ("Reply") *with Ritchie*, 2:10-CV-00337 JAM, Dkt. No. 30, at 8, 9. Given the routine nature of the Motion, the generalized arguments in the opposition, and Frankovich's experience in

1  this area of law, the Court finds the amount claimed to be excessive. Accordingly, the Court finds
2  that only 2 hours were reasonably necessary for preparing the reply to the Motion.
3        Accordingly, the Court deducts 14.1 hours from Frankovich's time, which amounts to a
4  deduction of $7,050 in fees.

### 2. Fees for non-attorney staff

6        Best Western argues that the "administrative" and "clerical" work billed by Cooper and
7  Maupin should not be awarded. Opp'n at 2. The Court agrees.
8        A reasonable attorney's fee "includes the work of attorneys and support staff, such as
9  paralegals 'whose labor contributes to the work product.'" *D'Emanuele v. Montgomery Ward &*
10 *Co., Inc.*, 904 F.2d 1379, 1387 (9th Cir. 1990) (quoting *Missouri*, 491 U.S. at 285). *See, e.g.*, *Shaw*
11 *v. Ghimire*, C12-04687 HRL, 2013 WL 5372400 (N.D. Cal. Sept. 25, 2013) (awarding attorney's
12 and paralegal's fees in ADA action). However, purely secretarial or clerical tasks are generally not
13 recoverable in a motion for attorney's fees. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir.
14 2009) ("filing, transcript, and document organization time was clerical in nature and should have
15 been subsumed in firm overhead rather than billed at paralegal rates"); *Doran*, 360 F. Supp. 2d at
16 1062 (clerical tasks "should be included in attorney billing rates as overhead to run the office, not
17 recoverable in a motion for attorney fees"). *See also Missouri*, 491 U.S. at 288 n.10 ("purely
18 clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs
19 them"). *Accord Serrano v. Unruh*, 32 Cal. 3d 621, 643 (1982) (denying overhead costs in
20 attorney's fee award).
21       Yates argues that both paralegal and secretarial fees should be awarded. *See* Mot. at 9;
22 Reply at 4. He cites to *Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991), which held that
23 paralegal and secretarial costs could be awarded pursuant to 42 U.S.C. § 1988. To the extent that
24 this case supports Yates' position, the Court declines to follow it because it appears to conflict
25 with a more recent Ninth Circuit case, *Nadarajah*, 569 F.3d at 921, which held that clerical work
26 "should have been subsumed in firm overhead," as well as other decisions in this district. *See, e.g.*,
27 *Doran*, 360 F. Supp. 2d at 1062; *Palomares v. Astrue*, C-11-4515 EMC, 2012 WL 6599552, at *9
28 (N.D. Cal. Dec. 18, 2012) (citing *Nadarajah*, 569 F.3d at 921, and acknowledging that clerical

8

work is not recoverable as attorney's fees)).

Yates also cites *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244 (9th Cir. 1982), *cert. granted, judgment vacated*, 461 U.S. 952 (1983), which held that out-of-pocket costs could be awarded pursuant to 42 U.S.C. § 1988. There, the court held that recoverable costs were those "which are normally charged to a fee-paying client," such as "[r]easonable photocopying, paralegal expenses, and travel and telephone costs." *Id. Thornberry* does not support Yates' argument. While the costs of photocopies and postage are generally recoverable, hourly fees for the clerical staff *carrying out* the photocopying or mailing are not normally billable to the client.

Thus, the rule is that paralegal or other staff fees that "contribute[] to the work product" are recoverable in a motion for attorney's fees, but "purely clerical or secretarial" tasks are not. Here, the Court has reviewed the time entries and finds that the tasks billed by Maupin and Cooper are "purely clerical," such as posting letters for mail, photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and complaint for filing. *See, e.g.*, *Nadarajah*, 569 F.3d at 921 ("filing, transcript, and document organization time" is clerical); *Brandt v. Astrue*, CIV. 08-0657TC, 2009 WL 1727472, at *3 (D. Or. June 16, 2009) (preparing summons and civil cover sheet is clerical). Accordingly, the Court finds that no attorney's fees should be awarded for Maupin or Cooper's time, which reduces the lodestar by $616. *See Doran*, 360 F. Supp. 2d at 1062 (in case where plaintiff was represented by Frankovich's firm, court declined to award fees for time of non-attorney staff, including Maupin, "for typing and various clerical tasks" ).

Accordingly, taking into account an additional reduction of $1,100 for the 2.2 hours estimated for Frankovich's travel time to and appearance at the hearing on the Motion, which the Court has vacated, the Court determines that the lodestar amount is as follows:

| Attorney/Staff | Hours | Rate per hour | Amount |
|---|---|---|---|
| T. Frankovich | 61.2 | $500 | $30,600 |
| G. Khoury | 26.9 | $190 | $5,111 |
| P. Maupin | 0 | $60 | $0 |
| A. Cooper | 0 | $40 | $0 |
| | | **TOTAL** | **$35,711** |

9

### B. Adjustment of Lodestar

The Court, having determined the lodestar amount by carefully reviewing the timesheets and making reductions based on its discretion and several *Kerr* factors—*e.g.*, time and labor required, novelty and difficulty of questions involved, skill required to perform legal work properly, and experience of attorneys—now turns to the issue of whether the lodestar should be adjusted. To make this determination, the Court considers the remaining relevant factors.

First, Frankovich and his associates do not appear to have been precluded from other employment by accepting this case. According to the 2012 *California Lawyer* article that Frankovich attached to his declaration, he filed 223 ADA lawsuits in federal court in 2004 alone. Frankovich Decl. Ex. G at 25. It does not appear that his voluminous practice has slowed down since then. Second, Frankovich's firm takes cases, including the instant case, on a contingent fee basis. *See* Frankovich Decl. ¶ 9. However, given the fact that he takes on many similar cases and has effectively reduced such cases "to a kind of routine," the Court does not find that he took on the level of risk that would weigh in favor of enhancement. *See Doran*, 360 F. Supp. 2d at 1063. Third, the outcome was generally successful because it resulted in damages as well as a settlement agreement wherein Best Western agreed to bring its facilities into compliance. Fourth, as has been observed about a Frankovich-led case before, "such a simple and lucrative case would not be viewed as 'undesirable' by other attorneys." *See Doran*, 360 F. Supp. 2d at 1063. Finally, Yates and Frankovich have had a longstanding professional relationship that should create efficiencies in the course of litigation. *See* Frankovich Decl. Ex. G at 23 (noting that in the time between 2007 and January 2012, Yates had been a plaintiff in 140 ADA suits represented by Frankovich).

On balance, the Court finds that these factors support neither a reduction nor an augmentation of the loadstar in this case. The Court has reduced the fee to reasonable hours, and that is what will be awarded.

### C. Costs

Yates claims $5,498 in costs for the filing fee, ownership information, service, experts, copies, faxes, postage, messenger services, and FedEx. *See* Frankovich Decl. Ex. A. Best Western does not contest any of these costs. The Court has reviewed the costs, and they appear to be

reasonable. Thus, the claimed costs will be awarded.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART the Motion. The Court awards Yates $35,711 in fees and $5,498 in costs.

**IT IS SO ORDERED**.

Dated: February 4, 2014

JOSEPH C. SPERO
United States Magistrate Judge